UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

GRADEY V. BOVELL,

                    Plaintiff,          **MEMORANDUM & ORDER**
                                        24-CV-2194(EK)(SDE)
          -against-

LOCAL 1974 DRY WALL TAPERS UNION D.C.
9,

                    Defendant.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Gradey Bovell worked as a drywall taper.

For more than twenty years, he was a member of the Local 1974

Dry Wall Tapers Union, relying on the union to send him to

construction sites.  Plaintiff brought this action against Local

1974 after he was left without work for more than a year.

Proceeding *pro se*, he alleges that Local 1974 discriminated

against him on the basis of race, age, and disability, and

brings claims under various federal civil rights laws.

          Local 1974 has moved to dismiss, arguing that

plaintiff's claims are time-barred.  For the reasons set out

below, the motion to dismiss is granted.

### I.   Background

          The following facts are taken from the complaint and

assumed to be true.  The Court also takes judicial notice of

exhibits attached to the complaint.  *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

Plaintiff joined Local 1974 in 1996.  Compl. 7, ECF No. 1.[1]  Local 1974 sends its members to work at specific job sites.  *Id.* at 13.  Plaintiff suffered a heart attack in 2018, when he was in his late fifties, and took medicine to manage his heart condition thereafter.  *Id.* at 7, 13.  After union leadership learned of his heart attack, plaintiff alleges, he "barely" received opportunities to work.  *Id.* at 7.  He did work on a few short-term projects from December 2019 to February 2020.  *Id.* at 13.  During that time, plaintiff told one foreman at a jobsite that he suffered from prostate cancer.  *Id*. at 7.  Plaintiff took a few days off, and the employer managing that job site did not retain him thereafter, despite having made promises to do so.  *Id.*  Plaintiff wrote to union leadership describing these concerns and asking for additional work.  *Id*. at 13.  These efforts failed; he did not work a union job for eighteen months.  *Id*. at 7.  He resigned from the union at some point in 2021.  *Id.* at 4-5.

---

[1] "Taping is the traditional process for finishing interior walls constructed with gypsum wallboard, which is also referred to as 'drywall' and as 'sheetrock.'"  *Drywall Tapers & Pointers of Greater New York, Loc. 1974 v. Loc. 530 of the Operative Plasters' & Cement Masons' Int'l Ass'n*, No. 93-CV-154, 2005 WL 638006, at *2 (E.D.N.Y. Mar. 17, 2005).  Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

On June 8, 2023, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC).  *Id.* at 6.  After receiving a right-to-sue letter, he timely filed this lawsuit.[2]  Plaintiff brings claims under Title VII of the Civil Rights Act of 1964,[3] the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA).

Local 1974 moved to dismiss, arguing that plaintiff's EEOC charge was untimely.  Plaintiff did not respond.  The Court notified plaintiff it would deem this motion fully briefed if he did not file a response by July 15, 2025.  Docket Order dated June 30, 2025.  Plaintiff did not so file, and the Court now deems the motion fully briefed.

## II.  Legal Standard

On a motion to dismiss, "the court's task is to assess the legal feasibility of the complaint."  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).  *Pro se* complaints are "held to less stringent standards"

---

[2] Plaintiff received a right-to-sue letter on January 29, 2024.  ECF No. 1, at 10.  He filed this lawsuit on March 22, 2024, well within the ninety-day requirement set by statute.  42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a).

[3] In his complaint, plaintiff indicated that Local 1974 discriminated him on the basis of race, color, age, and disability.  Compl. 5.  However, the complaint does not include any allegations about his race or color.

than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, to survive a motion to dismiss, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A defendant's motion to dismiss may raise the affirmative defense that a claim is time-barred. *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425-26 (2d Cir. 2008). "A complaint may be dismissed on the basis of an

4

affirmative defense," such as the untimely filing of an EEOC charge, if "the facts supporting the defense appear on the face of the complaint."  *Domitz v. City of Long Beach*, 737 Fed. App'x 589, 590 (2d Cir. 2018).

### III. Discussion

Plaintiff's claims are time-barred because he did not file a charge with the EEOC inside the requisite window and tolling does not apply.

A plaintiff must timely file a charge with the EEOC before bringing an employment discrimination claim in federal court.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (the Title 42 timeline "specifies with precision the prerequisites that a plaintiff must satisfy before filing suit").  "A claim is time barred if it is not filed within [the statutory] time limits."  *Id.; see also Banks v. Gen. Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023) ("This statutory requirement operates as a statute of limitations.").  "A Title VII plaintiff must file a charge with the EEOC within 180 days of the violation" if they have not first filed with a state or local agency.  *Cole v. Millard Fillmore Hosp.*, 116 F.3d 465 (2d Cir. 1997); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating Title VII's prerequisites in the ADA).  "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice" — as New

York does — "an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice."  *Nat'l R.R.*, 536 U.S. at 109; 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA). And under the ADEA, a New York plaintiff must file the charge within 300 days, even if they have not filed with a state entity.  *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 328 (2d Cir. 1999); 29 U.S.C. § 626(d)(1)(B).[4]

Here, it is apparent from the face of plaintiff's complaint that his EEOC charge came after the 300-day window and is thus untimely.  Plaintiff's complaint alleges discriminatory acts over a time period terminating in 2021.  Compl. 4 However, he filed his EEOC charge on June 8, 2023 — more than a year later.  *Id.* at 6.

In rare cases, courts will invoke the doctrine of equitable tolling to excuse noncompliance with the 300-day deadline.  But equitable tolling "is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights."  *Zerilli-*

---

[4] Plaintiff filed a charge with the EEOC, but not with a New York authority.  Thus, the statutes suggest that his ADA and Title VII claims are subject to a 180-day limitations period, while his ADEA claims are subject to a 300-day limitations period.  "The Second Circuit, however, has held that Title VII and ADA charges filed with the EEOC from New York are deemed to be simultaneously filed with the appropriate New York state agency pursuant to the EEOC's regulations and are therefore entitled to the 300-day limitations period."  *Cruz v. City of New York*, No. 21-CV-1999, 2021 WL 5605139, at *4 n.5 (S.D.N.Y. Nov. 30, 2021) (citing *Tewksbury*, 192 F.3d at 327-28).

*Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). Plaintiff's complaint does not plausibly plead that he has met the requirements for equitable tolling: that he (a) acted with reasonable diligence during the time period he seeks to have tolled; and (b) has demonstrated that the circumstances are sufficiently extraordinary that the doctrine should apply. *Id.* at 80-81. *Pro se* status alone is not a basis to invoke equitable tolling. A *pro se* plaintiff, like any other litigant, must act diligently, *see South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994), and make a "specific personal showing of extraordinary circumstances" that prevented him from meeting his filing deadline. *Pianoforte v. Little Red Sch. House*, 2022 WL 2713659, at *5 (S.D.N.Y. July 13, 2022).

Because plaintiff is proceeding *pro se*, the Court will afford him an opportunity to amend his complaint to plead such facts. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV. Conclusion

For the foregoing reasons, Local 1974's motion to dismiss is granted. Plaintiff may amend his complaint by March 6 to allege that he acted with reasonable diligence and that extraordinary circumstances barred him from timely filing an EEOC charge. If plaintiff has not amended his complaint by that date, the Clerk of Court will be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that no appeal from this order would be taken in good faith, and therefore denies *in forma pauperis* status for such purpose. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    February 4, 2026
          Brooklyn, New York